[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT TEXTRON, INC.'S MOTION FOR SUMMARY JUDGMENT
The defendant Textron, Inc. moves for summary judgment on I the plaintiff Gretchen T. Yaeger's three count complaint alleging breach of an implied and express contract of employment, negligent misrepresentation, and promissory estoppel arising out of the termination of the plaintiff's employment. The motion was argued on the sufficiency of the evidence to support the first count of CT Page 3264 an implied or express contract. Accordingly, the court will treat the case as the parties have done at oral argument. "The test of the requirement for the granting of a summery judgment that the moving party be entitled to judgment as a matter of law is resolved by applying to the established facts the same criteria as used -in determining whether a party would be entitled to a directed verdict on the same facts." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969).
The court is unable to decide this matter on a motion for summary judgment. First, the plaintiff relies on the employment manual. Whether or not the progressive discipline set forth in the manual requires progressive warnings in accordance with the severity of the misconduct, is a question of fact for the trier. Carbone v. Atlantic Richfield Co., 204 Conn. 460, 471-72 (1987). Second, the plaintiff relies upon the promises made by her immediate supervisor that her job would be secure as long as she performed duties and followed his instructions. This was not just an ordinary supervisor, but the director of personnel relations for the defendant. Whether or not these promises amounted to a contract is a question of fact. See Finley v. Aetna Life and Casualty Co., 202 Conn. 190, 199 (1987). As recently pointed out in Heller v. Champion International Corporation, 891 F.2d 432, 435
(2nd Cir. 1989), "Connecticut law . . . requires the trier of fact . . . to determine the precise terms of an implied contract and whether any of these terms were breached."
The motion for summary judgment is denied.
Robert I. Berdon, Judge